FILED
United States Court of Appeals
Tenth Circuit

**March 31, 2011**

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RICHARD LUCERO, on behalf of
himself and all others similarly
situated,

      Plaintiff - Appellant,

v.

BUREAU OF COLLECTION
RECOVERY, INC.,

      Defendant - Appellee.

No. 10-2122

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. No. 1:09-CV-00532-JB-WDS)**

---

John Wells of Law Offices of John M. Wells, P.A., Albuquerque, New Mexico,
for Plaintiff - Appellant.

Adam Plotkin (and Steve Wienczkowski of Adam L. Plotkin, P.C., Denver,
Colorado, with him on the brief; and Jennifer G. Anderson and Erin E.
Langenwalter of Modrall, Sperling, Roehl, Harris & Sisk, P.A., Albuquerque,
New Mexico, on the brief), for Defendant - Appellee.

---

Before **KELLY**, **HOLLOWAY**, and **TACHA**, Circuit Judges.

---

**KELLY**, Circuit Judge.

---

Plaintiff-Appellant Richard Lucero appeals from the district court's order dismissing his class-action complaint against Defendant-Appellee Bureau of Collection Recovery, Inc., for lack of subject matter jurisdiction based upon mootness of his individual claims. We must decide whether a class-action complaint must be dismissed for mootness upon the tender of a Fed. R. Civ. P. 68 offer of judgment for the full amount of the individual Plaintiff's monetary claim in the absence of undue delay in filing a motion for class certification. The district court felt bound by the general statement that "a suit brought as a class action must be dismissed for mootness when the personal claims of the named plaintiffs are satisfied and no class has been properly certified." Clark v. State Farm Mut. Auto Ins., 590 F.3d 1134, 1138 (10th Cir. 2009) (internal quotation marks and citation omitted). Our jurisdiction arises under 28 U.S.C. § 1291, and based on the Supreme Court's holdings in Sosna v. Iowa, 419 U.S. 393 (1975), and U.S. Parole Commission v. Geraghty, 445 U.S. 388 (1980), we hold that the district court erred in dismissing the class action complaint without considering the undoubtedly timely motion for certification. Therefore, we reverse and remand.

Background

The parties agree on the pertinent facts in this case. Plaintiff ("Lucero") filed a class action complaint in state court seeking declaratory relief and

damages, alleging violation of the Fair Debt Collection Practices Act ("FDCPA") and the New Mexico Collection Agency Regulatory Act on April 20, 2009.  Aplt. App. 10, 13.  Included in the complaint were various class-action allegations.  Id. at 13.   Defendant ("BCR") removed the case to federal court.  On June 2, 2009, BCR filed its answer and also served Plaintiff with a Rule 68 offer of judgment, offering to settle for $3,001 plus reasonable attorneys' fees and costs incurred to that date.  Id. at 2, 64.  On August 13, 2009, the parties submitted a joint status report and provisional discovery plan proposing that discovery be divided into two phases, the first phase pertaining to certification of the class, with the second phase devoted to the merits claims and defenses of the parties.  Doc. 10 at 1-2. The parties further agreed to conduct discovery only on the class certification issue for the first six months.  Id. at 5.  The district court then adopted the joint status report and provisional discovery plan, setting the deadlines for class-action discovery (February 13, 2010) and motions regarding class certification (February 23, 2010), and setting a class certification hearing date (March 31, 2010).  Aplt. App. 58-59.

On December 21, 2009, BCR filed a motion to dismiss for lack of subject matter jurisdiction.  Aplt. Br. 4.  On February 22, 2010, Lucero filed his motion for class certification and supporting memorandum.  Id.  The court vacated the class certification hearing.  On May 6, 2010, the district court dismissed Lucero's claims against BCR as moot and dismissed his complaint for lack of subject

matter jurisdiction. Aplt. App. 61-85; see Lucero v. Bureau of Collection Recovery, Inc., 716 F. Supp. 2d 1085 (D.N.M. 2010).

The district court concluded that jurisdiction is not present "over a case where no class has been certified but the defendant has satisfied the plaintiff's demand for relief." Lucero, 716 F. Supp. 2d at 1097. Therefore, the court concluded, because BCR offered to satisfy Lucero's entire claim there was no longer a justiciable dispute. Accordingly, the court granted BCR's motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1). Because BCR's offer of judgment had terminated, the district court did not compel Lucero to accept the judgment and did not enter a judgment against BCR. Id. at 1100.

On appeal, Plaintiff argues that courts have generally looked with disfavor on allowing defendants in class action lawsuits to "buy off" class action plaintiffs by tendering an early Rule 68 judgment for the full amount of individual claims. Plaintiff argues that this dilemma can be solved either of two ways: providing that the class certification motion relates back to the filing of the class-action complaint or recognizing that an offer of judgment to a named plaintiff in a class action does not terminate the continued personal stake of the class, which, Plaintiff argues, is present from the inception of the suit. Aplt. Br. at 5-6, 9. BCR argues that our decision in Reed v. Heckler recognizes a general presumption of mootness in cases such as this and that the Supreme Court recognizes only narrow exceptions to this "general rule." The only way we may

reach the result Mr. Lucero requests, BCR argues, is to relate his motion for class certification back to the filing of the complaint, which is an improper application of mootness principles. See Aplee. Br. at 9; Weiss v. Regal Collections, 385 F.3d 337 (3d Cir. 2004).

## Discussion

We review de novo a dismissal pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Butler v. Kempthorne, 532 F.3d 1108, 1110 (10th Cir. 2008); Disability Law Ctr. v. Millcreek Health Ctr., 428 F.3d 992, 996 (10th Cir. 2005).

A.    Article III

Article III of the Constitution requires that the federal courts render decisions only where there is a live case or controversy between parties. U.S. Const. art III, § 2. The controversy must exist not only at the time the complaint is filed but at all stages of appellate review. United States v. Munsingwear, Inc., 340 U.S. 36, 39 (1950). The case or controversy requirement is a constitutional imperative; however, the boundaries of Article III's dictates are notoriously murky. See Flast v. Cohen, 392 U.S. 83, 95-97 (1968).

"[M]ootness has two aspects: 'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" Geraghty, 445 U.S. at 396 (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)); see

- 5 -

also <u>Flast</u>, 392 U.S. at 94-95.  For this reason, although a case may present issues apparently primed for resolution, it is moot in the absence of "self-interested parties vigorously advocating opposing positions."  <u>Geraghty</u>, 445 U.S. at 403.  For example, in <u>Disability Law Center v. Millcreek Health Center</u>, this court determined that a declaratory judgment action was moot in a non-class action seeking access to records because the individual request was withdrawn and the plaintiff's claims did not embrace other similarly situated individuals, notwithstanding any interest in adjudication held by similarly situated individuals not a party to the action.  428 F.3d at 996.

Like Article III standing, mootness is oft-cited as a constitutional limitation on federal court jurisdiction.  <u>E.g.</u>, <u>Building & Constr. Dep't v. Rockwell Int'l Corp.</u>, 7 F.3d 1487, 1491 (10th Cir. 1993) ("Constitutional mootness doctrine is grounded in the Article III requirement that federal courts only decide actual, ongoing cases or controversies."); <u>see</u> Matthew I. Hall, The Partially Prudential Doctrine of Mootness, 77 Geo. Wash. L. Rev. 562, 571 (2009) (citing footnote 3 in <u>Liner v. Jafco, Inc.</u>, 375 U.S. 301 (1964), as the first occasion in which the Supreme Court expressly derived its lack of jurisdiction to review moot cases from Article III).  But although issues of mootness often bear resemblance to issues of standing, their conceptual boundaries are not coterminous.  <u>See</u> <u>Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.</u>, 528 U.S. 167, 189-92 (2000).  Indeed, the Supreme Court has historically recognized what are often

called "exceptions" to the general rule against consideration of moot cases, as where a plaintiff's status is "capable of repetition yet evading review," S. Pac. Terminal Co. v. Interstate Commerce Comm'n, 219 U.S. 498, 515 (1911), or where a defendant has ceased the challenged action but it is likely the defendant will "return to his old ways"–the latter often referred to as the voluntary cessation exception, United States v. W.T. Grant Co., 345 U.S. 629, 632 (1953); see also, e.g., City of Erie v. Pap's A.M., 529 U.S. 277 (2000). These exceptions do not extend to the standing inquiry, demonstrating the contours of Article III as it distinctly pertains to mootness. Friends of the Earth, Inc., 528 U.S. at 191.

A great deal of debate has ensued regarding the application of the Supreme Court's mootness doctrine in the unique circumstances posed by class actions. We are called on to consider some of these issues as they pertain to the operation of Rule 68 of the Federal Rules of Civil Procedure prior to certification of a class. We look first to the rule and then to the Supreme Court's guidance in this area.

B.    Rule 68

Rule 68 states, "At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued."[1] Fed. R. Civ. P. 68.

---

[1] The prior version of Rule 68, applied in this case, states, "More than 10 days before the trial begins, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." Fed. R. Civ. P. 68 (2009). The change is immaterial to our holding.

"An unaccepted offer is considered withdrawn, but it does not preclude a later offer." Id. If a plaintiff rejects a Rule 68 offer, he must pay costs if the amount awarded at trial is less than the offer. Id.

As Rule 68 operates, if an offer is made for a plaintiff's maximum recovery, his action may be rendered moot. See 13B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3533.2, at 800 (3d ed. 2008) ("Even when one party wishes to persist to judgment, an offer to accord all of the relief demanded may moot the case."). While we have yet to address the question squarely, other circuits have concluded that if a defendant makes an offer of judgment in complete satisfaction of a plaintiff's claims *in a non-class action*, the plaintiff's claims are rendered moot because he lacks a remaining interest in the outcome of the case. See Sandoz v. Cingular Wireless, LLC, 553 F.3d 913, 915 (5th Cir. 2008); Rand v. Monsanto Co., 926 F.2d 596, 598 (7th Cir. 1991). We must query, however, whether a Rule 68 offer made to the representative of a proposed class before the district court could reasonably be expected to rule on class certification moots the case.

Rule 68 has been applied inconsistently in proposed class actions prior to class certification. See 13C Wright & Miller, supra § 3533.9.1, at 537, 549-52 (discussing settlement offers and mootness in class actions); see also 13B id. § 3533.2, at 806 & n.78. While the Supreme Court has provided guidance on the effect of offers of judgment made *once a decision has been rendered on a motion*

*to certify a class*, uncertainty prevails among the lower courts regarding the jurisdictional effect of offers of judgment made prior to class certification. See Weiss v. Regal Collections, 385 F.3d at 345-46 & n.14 (3d Cir. 2004). Some courts conclude that an offer of judgment renders the claim moot, while others conclude it does not. At least one court has distinguished the non-moot case from the moot based upon the period of time elapsed prior to the offer of judgment. In a similar vein, some courts have decided the question of mootness based on whether the motion for class certification was filed during the pendency of the offer of judgment.[2]

---

[2] Compare Lomas v. Emergency Medical Billing, LLC, No. 2:07-cv-952, 2008 WL 4056789, at *2-3 (D. Utah Aug. 25, 2008) (dismissing FDCPA claim for lack of subject matter jurisdiction when Rule 68 offer made just under 2 months after filing of complaint and prior to motion for class certification and finding in the alternative that plaintiff was not an adequate class representative); Letellier v. First Credit Servs., Inc., No. 00 C 6316, 2001 WL 826873, at *3-4 (N.D. Ill. Jul. 20, 2001) (dismissing FDCPA claim for lack of subject matter jurisdiction when Rule 68 offer made 4 months after filing of complaint and prior to motion for class certification); Ambalu v. Rosenblatt, 194 F.R.D. 451, 452-53 (E.D.N.Y. 2000) (same, also 4 months), with Nasca v. GC Servs., No. 01CIV10127(DLC), 2002 WL 31040647, at *2-4 (S.D.N.Y. Sept. 12, 2002) (concluding claim not mooted when Rule 68 motion made 4 months after complaint and prior to motion for class certification but dismissing on the merits); Liles v. American Corrective Counseling Servs., Inc., 201 F.R.D. 452, 455 (S.D. Iowa 2001) (declining to dismiss when Rule 68 offer made 7 1/2 months after complaint and prior to motion for class certification); Bond v. Fleet Bank, No. CIV.A. 01-177L, 2002 WL 373475, at *5 (D.R.I. Feb. 21, 2002) (same, offer made 6 days after complaint); White v. OSI Collection Servs., Inc., No. 01-CV-1343(ARR), 2001 WL 1590518, at *6 (E.D.N.Y. Nov. 5, 2001) (same, offer made 1 day after complaint); Schaake v. Risk Mgmt. Alternatives, Inc., 203 F.R.D. 108, 112 (S.D.N.Y. 2001) (same, offer made 1 month after complaint); see also Parker v. Risk Mgmt. Alternatives, Inc., 204 F.R.D. 113, 115 (N.D. Ill. 2001) (claim not

The Federal Rules of Civil Procedure offer little guidance here. As the district judge noted, "no express statement in the rules limits the application of rule 68 in class action complaints." Lucero, 716 F. Supp. 2d at 1096. Yet the operation of Rule 68 in the class action context has been criticized for its tendency to force plaintiffs to move for class certification on an inadequate record. See, e.g., Schaake v. Risk Mgt. Alternatives, Inc., 203 F.R.D. 108, 112 (S.D.N.Y. 2001). One proposed amendment to the Federal Rules would have eliminated application of Rule 68 in class actions by providing, "this rule shall not apply to class or derivative actions under Rules 23, 23.1, and 23.2." Proposed Amendment to Rule 68, 102 F.R.D. 407, 433 (1984). The rationale for excepting class actions was that "acceptance of any offer would be subject to court approval, and the offeree's rejection would burden a named representative-offeree with the risk of exposure to potentially heavy liability that could not be recouped from unnamed class members." Id. at 436 advisory committee's note (citing Fed. R. Civ. P. 23(e), 23.1). Of course, the first basis for this proposed amendment has been eliminated in the pre-certification stage because it is now clear that the procedural requirements established by Fed. R. Civ. P. 23 attach *only after a class has been certified*. Rule 23(e)(1)(A) has been amended to provide that the court

mooted by offer of judgment where class certification motion was filed before expiration of ten day pendency of offer of judgment); Kremnitzer v. Cabrera & Rephen, PC, 202 F.R.D. 239, 244 (N.D. Ill. 2001) (same); Asch v. Teller, Levit & Silvertrust, PC, 200 F.R.D. 399, 401 (N.D. Ill. 2000) (same).

must approve any settlement, voluntary dismissal, or compromise with respect to a certified class. Fed. R. Civ. P. 23(e). The only other guidance provided by the rules with respect to the pre-certification stage is Rule 23(c)(1), which requires that the court rule on class certification "at an early practicable time."

The practicability of an early motion for class certification varies widely among cases and jurisdictions. Some jurisdictions have established time limitations for a certification motion, which may provide a convenient guideline for the determination whether a plaintiff should be expected to have sought class certification. See, e.g., E.D. Pa. R. Civ. P. 23.1(c) (90 days); C.D. Cal. R. Civ. P. 23-3 (90 days). In other jurisdictions parties typically proceed according to scheduling orders issued by the court, as the parties did here. Aplt App. 58-59; see, e.g., S.D. Ill. R. 23.1(c); Clarke, 590 F.3d 1134 (parties proceeded pursuant to (opposed) case management order providing that "the district court would only decide class certification issues 'if necessary' after setting the reformation date of the automobile policy").

C.      Supreme Court Precedent: *Sosna, Gerstein, Roper,* and *Geraghty*

Once a class has been certified the expiration of a plaintiff's claim will not moot the action on appeal. Sosna v. Iowa, 419 U.S. 393, 401 (1975). In Sosna, the Court concluded that an Article III case or controversy persisted to allow a named plaintiff to appeal a constitutional ruling although the named plaintiff's claim expired as a result of her fulfillment of the challenged durational residency

requirement because (a) the class was certified prior to expiration of her claim, giving the claims of the class "a legal status separate from" the named plaintiff's interest, id. at 399; and (b) the status giving rise to the claim was capable of repetition yet evading review to the extent that a party aggrieved by a durational requirement will eventually fulfill that requirement and likely during the pendency of the litigation, id. at 401.

By attributing a legal status in the case or controversy to unnamed class members apart from that of the class representative, id. at 399 & n.8, Sosna suggests that in a proposed class action the non-named class members have an unyielding interest that could precede the moment of class certification–the premise appearing to be that any live Article III interest a class may or may not have in a case is or is not present from its inception. The Court explained:

> There may be cases in which the controversy involving the named plaintiffs is such that it becomes moot as to them before the district court can reasonably be expected to rule on a certification motion. In such instances, whether the certification can be said to "relate back" to the filing of the complaint may depend upon the circumstances of the particular case and especially the reality of the claim that otherwise the issue would evade review.

Id. at 399-402 & n.11. Sosna is not dispositive of this case because it concerned a certified class; however Sosna apparently acknowledges that the personal stake of the indivisible class may inhere prior to a definitive ruling on class certification.

Shortly after Sosna, the Court extended its rationale to the pre-certification

context in Gerstein v. Pugh, 420 U.S. 103 (1975). In Gerstein, plaintiffs challenged a Florida statute permitting pretrial detention by information without a preliminary determination of probable cause. Id. at 105-07. It was unclear from the record whether the plaintiffs' pretrial detention had terminated while the certification motion was pending. Id. at 111 n.11. However, the Court did not dismiss the case as moot, reasoning that "it is most unlikely that any given individual could have his constitutional claim decided on appeal before he is either released or convicted," and, therefore, the Court determined, plaintiffs' claims were within the exception articulated in Sosna regardless of their status at the moment of certification. Id. at 110 n.11.

Since Sosna and Gerstein, the Court has further elaborated on the scope of the class action exception to mootness. In the same day, the Court held that an offer of judgment to a named plaintiff made while a certification motion is pending will not moot the action, Deposit Guaranty Nat'l Bank v. Roper, 445 U.S. 326 (1980), and that a named plaintiff released from prison while a certification motion is pending may appeal a denial of class certification despite the mootness of his individual claim, U.S. Parole Comm'n v. Geraghty, 445 U.S. 388 (1980). A comparison of Roper and Geraghty highlights the emerging rule.

In Roper, a proposed class of credit card holders brought suit challenging certain finance charges as usurious. The district court denied class certification, and the bank tendered to each named plaintiff the maximum amount that each

could have recovered, including interest and costs. 445 U.S. at 329-30. The plaintiffs declined to accept the tender and made a counteroffer of judgment, attempting to reserve the right to appeal the adverse class certification ruling. The bank declined the counteroffer. Id. Nevertheless, the district court entered judgment in the plaintiffs' favor based upon the defendants' offer of judgment, over plaintiffs' objection, and dismissed the action. Id.

The Supreme Court held that the named plaintiffs could appeal the denial of class certification. In determining whether there still existed a justiciable case or controversy, the Roper Court relied on the costs spreading functions of Rule 23 and the named plaintiffs' continued interest in the procedural rights appurtenant to representing a class–for example, the interest in sharing attorney expenses with the class–to determine that a putative class representative retains an individual interest in appealing the denial of class certification. Id. at 338 n.9. Also determinative in this holding was the plaintiffs' rejection of the settlement offer. The court advised, "The factual context in which this question arises is important. At no time did the named plaintiffs accept the tender in settlement of the case; instead, judgment was entered in their favor by the court without their consent and the case was dismissed over their continued objections. Neither the rejected tender nor the dismissal of the action over plaintiffs' objections mooted the plaintiffs' claim on the merits so long as they retained an economic interest in class certification." Id. at 332-33.

- 14 -

In Roper, Justice Rehnquist concurred:

> The distinguishing feature here is that the defendant has made an *unaccepted* offer of tender in settlement of the individual putative representative's claim. The action is moot in the Art. III sense only if this Court adopts a rule that an individual seeking to proceed as a class representative is required to accept a tender of only his individual claims. So long as the court does not require such acceptance, the individual is required to prove his case and the requisite Art. III adversity continues. Acceptance [of defendant's offer] need not be mandated under our precedents since the defendant has not offered all that has been requested in the complaint (i.e., relief for the class) and any other rule would give the defendant the practical power to make the denial of class certification questions unreviewable.

Id. at 341 (Rehnquist, J., concurring).

In Geraghty, an inmate brought a class action challenging the validity of the U.S. Parole Commission's Parole Release Guidelines. 445 U.S. at 390. The trial court denied certification of the class, and, while the appeal was pending, the named plaintiff was released from prison. Id. The Court was presented with the question whether the plaintiff could continue his appeal of the ruling. Id. In Geraghty, unlike in Roper, the alleged mootness occurred not as a result of an offer of judgment but due to an "expiration" of the claim. Id. at 401. The Court reasoned, "Although one may argue that Sosna contains at least an implication that the critical factor for Article III purposes is timing of class certification, other cases, applying a 'relation back' approach, clearly demonstrate that timing is not crucial." Id. at 398. And, "the fact that a named plaintiff's substantive claims are mooted due to an occurrence other than a judgment on the merits does

- 15 -

not mean that all the other issues in the case are mooted. A plaintiff who brings a class action presents two separate issues for judicial resolution. One is the claim on the merits; the other is the claim that he is entitled to represent a class." Id. at 402.

In articulating the nature of the personal stake requirement in the class action context, the Court noted that "a 'legally cognizable interest' . . . in the traditional sense rarely ever exists with respect to the class certification claim." Id. (citation omitted). Instead, the Court concluded, "[t]his 'right' is more analogous to the private attorney general concept than to the type of interest traditionally thought to satisfy the 'personal stake' requirement." Id. at 403 (citing Roper, 445 U.S. at 338). Looking to the purposes of the personal stake requirement, namely the need for "sharply presented issues in a concrete factual setting" and "self-interested parties vigorously advocating opposing positions," the Court concluded that "these elements can exist with respect to the class certification issue notwithstanding the fact that the named plaintiff's claim on the merits has expired. The question whether class certification is appropriate remains as a concrete, sharply presented issue." Id. at 403-04.

D.    Circuit Authority

We have extended Geraghty to an appeal of a class certification determination following the resolution of named plaintiffs' individual claims.

See <u>Reed v. Heckler</u>, 756 F.2d 779, 786 (10th Cir. 1985).[3]  Looking to the Fifth

Circuit's decision in <u>Zeidman v. J. Ray McDermott & Co.</u>, 651 F.2d 1030 (5th

Cir. 1981), which held named plaintiffs had standing to appeal denial of class

certification despite full satisfaction of their individual claims, the panel

reasoned:

> Here, the plaintiffs' claims are not inherently transitory; rather, they have received favorable judgments from the agency that they sued. The <u>Geraghty</u> Court specifically left open the question whether settlement of the named plaintiff's personal claim would render the case moot.  We are persuaded by the thorough opinion in <u>Zeidman</u>, however, that we should extend <u>Geraghty</u> to class claims that have been rendered moot by purposeful action of the defendants.  The <u>Zeidman</u> court held that a suit brought as a class action should not be dismissed for mootness upon tender to the named plaintiffs of their personal claims when a diligently pursued motion for class certification is pending before the district court.  So long as the claims of the unnamed plaintiffs are presented in a sufficiently adversarial relationship to sharpen the issues, the ability of the defendant to moot the claims of the named plaintiffs by favorable judgments should not prevent reexamination of the class certification issue.

<u>Id.</u> at 786-87 (citations omitted).

In <u>Weiss v. Regal Collections</u>, 385 F.3d 337, the Third Circuit had occasion

to consider circumstances nearly identical to our own.  There, the court concluded

---

[3]  BCR cites <u>Reed</u> for the proposition that "as a general rule, a suit brought as a class action must be dismissed for mootness when the personal claims of the named plaintiffs are satisfied and no class has been properly certified."  <u>Id.</u> at 785.  This, however, is far from the holding of <u>Reed</u>, which expanded application of <u>Geraghty</u> and left open the issue we now resolve.  We acknowledged as much in <u>Clarke</u>, 590 F.3d at 1139.

- 17 -

in the FDCPA context that an offer of judgment that would otherwise moot an individual's claim for statutory damages does not moot the action when made to the representative of the putative class and where the offer is made so early that the named plaintiff could not be expected to file a class certification motion. Id. at 347-48.

Richard Weiss filed his class action complaint in February, and, in April, the defendant tendered a Rule 68 offer of judgment. Id. at 339-40. After Weiss declined this offer, the defendant moved to dismiss for lack of subject matter jurisdiction. Id. at 340. Weiss argued that the offer did not provide complete relief because the complaint sought recovery for the putative class. Id. The court concluded that an offer of judgment for the maximum statutory damages under the FDCPA with costs and attorneys' fees would provide all the relief available to a plaintiff acting in an individual capacity, mooting the claim. However, the court concluded, this did not resolve the question of the effect of the Rule 68 offer on the claims of the putative class given the fact that the complaint embraced similarly situated individuals in addition to the named plaintiff. Id. at 342.

Seeking to harmonize the tension between Rule 68 and Rule 23, the Weiss court noted the concern expressed in Roper regarding a defendant's ability to pick off named plaintiffs by mooting their individual claims, id. at 343, and articulated other concerns about the practical implications of allowing defendants to pick off potential class plaintiffs, id. at 344-45. The FDCPA, Weiss explained, is

predicated on individuals' standing to bring suit on behalf of a class. Id. at 345. Concluding that the same concerns guiding Roper are present in a class action pre-certification, the court reasoned that the named plaintiff could be conceived of "as a part of an indivisible class and not merely a single adverse party even before the class certification question has been decided." Id. at 347. And, the court concluded, FDCPA claims, being "acutely susceptible to mootness," are analogous to those "capable of repetition yet evading review." Id.

The Fifth Circuit was faced with a similar question to Weiss in Sandoz v. Cingular Wireless, LLC, albeit in the context of the Fair Labor Standards Act ("FLSA"). 553 F.3d at 915. In Sandoz the issue was "whether a[n] FLSA claim becomes moot when the purported representative of a collective action receives an offer that would satisfy his or her individual claim and no other plaintiffs have opted in to the collective action." Id. The court aligned with Weiss in concluding that if the defendant made an offer of judgment pursuant to rule 68 that completely satisfied an individual plaintiff's claims, the plaintiff's individual claims would become moot but that an offer made to a putative class representative does not moot the case, even given the opt-in nature of the FLSA collective action device. Id. at 920.

Our circuit's most recent treatment of a related issue occurred in Clarke v. State Farm Mutual Auto Insurance Co. In Clarke, judgment was entered in favor of the plaintiff pursuant to a voluntary settlement and paid prior to filing for class

certification. 590 F.3d at 1136. The class action complaint was filed in August 2000, and judgment was entered in the plaintiff's favor several years later. This judgment plus interest was paid in March 2006. Id. It was not until May 2007 that the motion for class certification was filed. Id. Clarke acknowledged that in addition to the established exceptions for transitory claims and claims "capable of repetition" a third exception to mootness had emerged in the class action context. Id. at 1139 (citing Weiss, 385 F.3d 337). In surveying the cases in this area, the panel distinguished Weiss on the ground that it occurred "at so early a point in the litigation that the named plaintiff could not have been expected to file a class certification motion" and noted that "where the plaintiff has had ample time to file the class certification motion, district courts adhere to the general rule that the mooting of a named plaintiff's claim prior to class certification moots the entire case." Id. (emphasis added) (citing Jones v. CBE Group, Inc., 215 F.R.D. 558, 565 (D. Minn. 2003); Greif v. Wilson, Elser, Moskowitz, Edelman & Dicker LLP, 258 F. Supp. 2d 157, 159-61 (E.D.N.Y. 2003)). Given these facts, Clarke expressly declined to consider whether to adopt the Weiss rule. See 590 F.3d at 1139.

We acknowledge some tension in the legal concepts that must control our decision here. See Wright & Miller, 13C Fed. Prac. & Proc. Juris. § 3533.9.1, at 524 n.34 (3d ed. 2008) (collecting commentary). But the premise of Sosna and the holding of Geraghty compel us to conclude that a named plaintiff in a

- 20 -

proposed class action need not accept an offer of judgment or risk having his or her case dismissed as moot before the court has had a reasonable time to consider the class certification motion. Instead we conclude that a nascent interest attaches to the proposed class upon the filing of a class complaint such that a rejected offer of judgment for statutory damages and costs made to a named plaintiff does not render the case moot under Article III. Cf. Disability Law Ctr., 428 F.3d at 996 (fact that plaintiff's claim did not embrace similarly situated individuals determinative in concluding no controversy remained); Brunet v. City of Columbus, 1 F.3d 390, 400 (6th Cir. 1993) ("[U]nlike in Roper, Meyer and Tudor ultimately accepted the City's settlement offer . . . ."). This is so because, notwithstanding the rejected offer of judgment, the proposed class action continues to involve "sharply presented issues in a concrete factual setting" and "self-interested parties vigorously advocating opposing positions." Geraghty, 445 U.S. at 403.

In Geraghty, the Supreme Court specifically informed that for Article III purposes, the timing of the class certification "is not crucial." Geraghty, 445 U.S. at 398. Several commentators have noted that a court has jurisdiction even in the absence of a class certification decision. See Richard K. Greenstein, Bridging the Mootness Gap in Federal Court Class Actions, 35 Stan. L. Rev. 897, 903 (1983) ("[T]he 'repetition/evasion' problem does not create or enhance article III jurisdiction. Rather, it reflects a policy that guides a court's decision whether to

- 21 -

reach the merits of the certified class' claims once the court has jurisdiction over those claims."); Hall, supra at 608 ("[T]he decisions of the Supreme Court reveal that it has repeatedly treated personal stake mootness as a discretionary doctrine, under which courts can dismiss or not as they deem appropriate in view of certain prudential considerations . . . ."); Mary Kay Kane, Standing, Mootness, and Federal Rule 23—Balancing Perspectives, 26 Buff. L. Rev. 83, 104 (1977) ("What should be done if certification has not yet taken place when the representative's claim becomes moot? . . . There are several reasons for treating the suit as a class action, when it has been pleaded as such, even before certification.").

Because Geraghty informs us that the personal stake of the class inheres prior to certification, we conclude that the federal court's Article III jurisdiction to hear the motion for class certification is not extinguished by the Rule 68 offer of judgment to an individual plaintiff. See Geraghty, 445 U.S. at 406 n.11; Franks v. Bowman Transp. Co., 424 U.S. 747, 756 n.8 (1976) (quoting Flast v. Cohen, 392 U.S. 83, 97 (1968)). This conclusion is also supported by Justice Rehnquist's observation in Roper that an offer of judgment to an individual named plaintiff simply is not complete relief vís-a-vís the class. Roper, 445 U.S. at 341 (Rehnquist, J., concurring).

The Court's concerns about the potential for waste of judicial resources and administrative inefficiencies are clearly present in this case. As the Court explained in Roper,

- 22 -

> [r]equiring multiple plaintiffs to bring separate actions, which effectively could be "picked off" by a defendant's tender of judgment before an affirmative ruling on class certification could be obtained, obviously would frustrate the objectives of class actions; moreover it would invite waste of judicial resources by stimulating successive suits brought by others claiming aggrievement.

445 U.S. at 339.

The Third, Fifth, and Seventh Circuits have concluded that offers of judgment will not render moot class actions for monetary relief in which a class certification motion is already pending. See Lusardi, 975 F.2d 964, 975 (3d Cir. 1992); Zeidman, 651 F.2d at 1051; Susman v. Lincoln Am. Corp., 587 F.2d 866, 870 (7th Cir. 1978). We find no authority on which to distinguish the case in which a class certification motion is pending or filed within the duration of the offer of judgment from our case: any Article III interest a class may or may not have in a case is or is not present from its inception. See Susman, 587 F.2d at 869 n.2 (noting that "[i]t would be arguable, on the same theory, that a complaint with class action allegations sufficiently brings the interests of the class members before the court, at least where the court proceeds with reasonable promptness to reach the issue of class action maintenance" but declining to reach the question). We need not and do not decide the impact of a Rule 68 offer of judgment made in a collective, or "opt-in" action. See, e.g., Sandoz, 553 F.3d at 920; Darboe v. Goodwill Industries of Greater New York & Northern New Jersey, Inc., 485 F. Supp. 2d 221, 223-34 (E.D.N.Y. 2007).

In sum, we hold that a named plaintiff in a proposed class action for monetary relief may proceed to seek timely class certification where an unaccepted offer of judgment is tendered in satisfaction of the plaintiff's individual claim before the court can reasonably be expected to rule on the class certification motion. That certainly is the case here, given the parties' agreement to proceed according to a specific schedule to resolve the class certification issues and given the Plaintiff's indisputable compliance with that schedule.

REVERSED and REMANDED.