**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 18, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DARRYL KINNEY,

        Plaintiff-Appellant,

    v.

BLUE DOT SERVICES OF KANSAS, and TERRY McCORT,

        Defendants-Appellees.

No. 12-3205

(D. of Kan.)

(D.C. No. 11-CV-04151-KHV-KGS)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

    Darryl Kinney sued his employer, Blue Dot Services, and his supervisor, Terry McCort,[1] claiming he was fired (1) on the basis of his race (African American), and (2) in retaliation for reporting Blue Dot's supposed Clean Air Act

---

    [*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    [**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

    [1] Some documents in the record spell this name as "McCart." It is not clear which spelling is correct. For consistency with the district court's caption, we will stay with "McCort."

violations to the EPA. Kinney therefore alleged claims for violation of Title VII, the Clean Air Act's whistleblower protections, and a Kansas whistleblower protection statute. Kinney also asserted the common law tort of wrongful discharge.

The district court dismissed Kinney's complaint, finding it lacked subject matter jurisdiction over the federal claims and refusing to exercise supplemental jurisdiction over his state-law claims. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. Background

In June 2011, Kinney began working for Blue Dot, a company in Topeka, Kansas, that services air conditioning units. He claims that soon after he was hired, he observed his supervisor (McCort) and perhaps others handling Freon in a way that supposedly violates the Clean Air Act. Kinney refused to participate in these alleged violations. He says he reported Blue Dot's actions to the EPA on July 9, 2011. Soon after, a Blue Dot employee saw that report (apparently a copy of it was sitting in Kinney's work truck) and Kinney was fired on July 21, 2011.

Kinney received no explanation for his termination. He claims he later learned through an OSHA representative that Blue Dot explained Kinney's termination as a matter of poor work performance. Kinney asserts, to the contrary, that Blue Dot often sent him out to fix the poor workmanship of other

employees, including at least one employee who is "not a minority" and who remains employed at Blue Dot. R., Vol. 1, at 5.

In August 2011, Kinney filed an EEOC discrimination charge against Blue Dot, claiming race discrimination. In October 2011, he filed the present suit in the District of Kansas. Blue Dot moved to dismiss and the district court granted that motion. This appeal timely followed.

## II. Analysis

### A. *Title VII*

Title VII plaintiffs must clear three procedural hurdles before bringing suit in federal court: (1) file a discrimination charge with the EEOC, (2) receive a right-to-sue letter from the EEOC, and (3) file suit within ninety days of receiving the letter. *See* 42 U.S.C. § 2000e-5(e)(1), (f)(1). We have consistently described these requirements as jurisdictional prerequisites. *See*, *e.g.*, *Apsley v. Boeing Co.*, 691 F.3d 1184, 1210 (10th Cir. 2012); *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005). The district court dismissed Kinney's Title VII claim for failure to meet these prerequisites. We review de novo a decision dismissing a cause of action for lack of subject matter jurisdiction. *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1242 (10th Cir. 2011).

No one disputes that Kinney filed an EEOC charge. But neither his complaint nor any of his other filings in the district court or in this court reveal whether he received a right-to-sue letter. Title VII requires the EEOC to issue a

right-to-sue letter within 180 days of receiving the discrimination charge, *see* 42 U.S.C. § 2000e-5(f)(1), and that 180-day window expired in February 2012. We might therefore assume that Kinney possesses a right-to-sue letter at this point—or could get one if he asked, *see* 29 C.F.R. § 1601.28(a)(1) (establishing procedures for requesting a right-to-sue letter when 180 days have expired). But this court may not assume that a plaintiff can establish subject matter jurisdiction; it is the plaintiff's burden to prove it. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Kinney has failed to plead anything regarding the existence of a right-to-sue letter and therefore has not met his burden.

In sum, the district court correctly dismissed his Title VII claim for lack of subject matter jurisdiction.[2]

### B. Clean Air Act

Employers may not discharge employees for complaining to the EPA about the employer's potential Clean Air Act violations. 42 U.S.C. § 7622(a). Kinney attempted to state a claim under this statute and the district court dismissed for lack of subject matter jurisdiction.

In his pro se brief on appeal, Kinney's argument on this issue is unclear. For our purposes, we will assume he intended to challenge the district court's decision, which we review de novo. *See Lucero*, 639 F.3d at 1242.

---

[2] We also note that Kinney cannot sue McCort, an individual, for Title VII violations. *Sauers v. Salt Lake Cnty.*, 1 F.3d 1122, 1125 (10th Cir. 1993).

Although the Clean Air Act provides whistleblower protections, it also requires the whistleblower to first complain to the Secretary of Labor, and if unsatisfied with the Secretary's decision, petition for review in a circuit court of appeals—not a district court. *See* 42 U.S.C. § 7622(b)(1), (b)(2)(A), (c)(1), (c)(2). Given this statutory structure, the district court appropriately dismissed Kinney's Clean Air Act claim for lack of subject matter jurisdiction.

### C. State-Law Claims

"The district court[] may decline to exercise supplemental jurisdiction over [state law claims that could not be brought under diversity jurisdiction] if * * * the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "We review the district court's decision to decline supplemental jurisdiction for abuse of discretion." *Exum v. U.S. Olympic Comm.*, 389 F.3d 1130, 1139 (10th Cir. 2004).

The district court did not abuse its discretion when it declined to exercise supplemental jurisdiction over Kinney's state-law whistleblowing and wrongful discharge claims. Rather, "[w]hen all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998). We see no reason why the district court should have deviated in this instance from the general practice.

### D.  *Motion to Supplement the Record*

Before the district court ruled on the motion to dismiss, Kinney moved the district court to "supplement [the] record with exhibits to support plaintiff[']s claim."  R., Vol. 1, at 130.  The district court denied this motion as moot and Kinney does not challenge that decision here.  We note, however, that Kinney's proposed supplemental material entirely comprises potential evidence of Blue Dot's wrongdoing.  It does not bear on subject matter jurisdiction.

## III. Conclusion

For the reasons stated, we AFFIRM.

ENTERED FOR THE COURT


Timothy M. Tymkovich
Circuit Judge