**Andrew DELGADO, on behalf of himself and all similarly situated persons, Plaintiff,**

v.

**CASTELLINO CORPORATION, d/b/a Via Toscana; and Robin Castellino, Defendants.**

**Civil Action No. 13–cv–03379–MSK–MJW**

United States District Court, D. Colorado.

Signed September 2, 2014

Brian David Gonzales, The Law Offices of Brian D. Gonzales, Fort Collins, CO, for Plaintiff.

Stephen M. Dehoff, Fortis Law Partners LLC d/b/a Friesen Lamb LLP, Denver, CO, for Defendants.

## OPINION AND ORDER OVERRULING OBJECTIONS, ADOPTING RECOMMENDATION, AND DENYING MOTION TO DISMISS

MARCIA S. KRIEGER, Chief United States District Judge

**THIS MATTER** comes before the Court pursuant to Mr. Delgado's Objections (# 36) to the Magistrate Judge's May 20, 2014 Recommendation (# 35) that the Defendants' Motion to Dismiss (# 16) be denied, the Defendants' response (# 38), and Mr. Delgado's reply (# 40).

■ The issue before the Court is primarily a legal one, and thus, only a minimal factual recitation is necessary. Mr. Delgado, a former employee of a business owned by the Defendants, commenced this action alleging that the Defendants failed to pay him the minimum wage required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and related claims arising under Colorado's Wage Claim Act, C.R.S. § 8–4–101, and common-law breach of contract. Pursuant to 29 U.S.C. § 216(b), Mr. Delgado seeks to bring his FLSA claim as a "collective action"[1] on behalf of all similarly-situated employees who ultimately opt-in to such an action.

Shortly after Mr. Delgado commenced this action, the Defendants tendered an Offer of Judgment under Fed. R. Civ. P. 68, offering Mr. Delgado what the Defendants contend was the full amount of potential unpaid wages he could recover, an equal amount as liquidated damages permitted under the FLSA, costs of the action, and a reasonable attorney fee to be determined by the Court. Mr. Delgado did not accept the offer, and it eventually lapsed by its own terms.

The Defendants now move to dismiss (# 16) Mr. Delgado's FLSA claims (including the putative collective action claims) for lack of standing, arguing that their Offer of Judgment for the maximum amount recoverable by Mr. Delgado on his individual claim, whether accepted or not, operates to moot both his own individual claim and any as-yet-unadjudicated putative collective action claim.

The Court referred the Defendants' motion to the Magistrate Judge for a recommendation, and the Magistrate Judge recommended (# 35) that the motion be denied, citing to prior decisions by this Court and others on the same or similar legal questions, as discussed in greater detail below. The Defendants filed timely Objections (# 36) to the Recommendation, arguing that the Magistrate Judge misconstrued recent Supreme Court prec-

---

1. A "collective action" under § 216(b) differs from the traditional class action under Fed. R. Civ. P. 23, in that Rule 23 class actions are generally "opt-out," such that class members are presumptively treated as remaining in the litigation class unless they affirmatively request to be excluded. A collective action under § 216(b) results in notice of the action being sent to all potential "class" members, but only those members who affirmatively "opt in" to the action by filing a consent form become joined in the litigation.

edent allegedly on-point. This Court reviews the objected-to portions of the Recommendation *de novo*. Fed. R. Civ. P. 72(b).

As will be explained in more detail below, this matter presents two separate legal questions, one embedded within the other: (i) does a defendant's tender of an Offer of Judgment for the full amount of a plaintiff's possible recovery, if unaccepted by the plaintiff, operate to render the plaintiff's claim moot and thus deprive the plaintiff of standing to pursue that claim?; and (ii) if it does, does that mootness further preclude the plaintiff from pursuing putative class-or collective action allegations in the complaint?

In recent decisions, this Court has answered the first question in the affirmative, and the second question in the conditional negative. In *Miranda v. Receivables Performance Management, LLC,* 2013 WL 3958367 (D.Colo. Aug. 1, 2013) (slip op.), this Court addressed the question of whether an unaccepted Rule 68 Offer of Judgment for the full amount of a plaintiff's claim operated to render that claim moot. This Court turned to *Lucero v. Bureau of Collection Recovery, Inc.,* 639 F.3d 1239, 1243 (10th Cir.2011), for guidance. In *Lucero,* the plaintiff brought a putative class action claims against the defendant under the Fair Debt Collection Practices Act. The defendant made an Offer of Judgment in the full amount of the plaintiff's potential recovery, and then moved to dismiss the plaintiff's claim as moot. On appeal from the trial court's dismissal of the action as a whole, the 10th Circuit first acknowledged the general rule that "if an offer is made for a plaintiff's maximum recovery, his action may be rendered moot." 639 F.3d at 1243. It then noted that "[w]hile we have yet to address the question

squarely, other circuits have concluded that if a defendant makes an offer of judgment in complete satisfaction of a plaintiff's claims in a non-class action, the plaintiff's claims are rendered moot because he lacks a remaining interest in the outcome of the case." *Id., citing Sandoz v. Cingular Wireless, LLC,* 553 F.3d 913, 915 (5th Cir.2008) *and Rand v. Monsanto Co.,* 926 F.2d 596, 598 (7th Cir.1991). Based on this authority, the Court reformed the somewhat ambiguous offer tendered by the defendant, deemed Ms. Miranda to have accepted it, and entered judgment in favor of Ms. Miranda consistent with the terms of the reformed offer. Implicitly, then, this Court recognized that an Offer of Judgment for the full amount of a plaintiff's claim *would* operate to moot that claim, even if unaccepted by the plaintiff.

This Court faced the second portion of the question above—whether the mooting of a plaintiff's individual claim by an Offer of Judgment affects putative collective action allegations—in *Perez v. Pinon Management, Inc.,* 2013 WL 1149567 (D.Colo. Mar. 19, 2013) (slip op.). There, the plaintiff brought an FLSA overtime claim on behalf of herself and a putative "class," and the defendant made an Offer of Judgment in the full amount of the plaintiff's individual claim and sought dismissal of the entire action, including the putative collective action allegations, as moot. Again, this Court took its cue from *Lucero.* There, after a careful and thorough analysis, the 10th Circuit held that "a named plaintiff in a proposed [Rule 23] class action ... may proceed to seek timely class certification where an unaccepted offer of judgment is tendered in full satisfaction of the plaintiff's individual claim before the court can reasonably be expected to rule on the class certification motion." 639 F.3d at 1250. In *Perez,* this Court con-

cluded that *Lucero*'s reasoning would apply equally strongly to FLSA collective actions, and thus, held that Ms. Perez's diligent pursuit of a class certification motion prevented the defendant's Offer of Judgment from completely mooting the action.[2]

Both of these holdings were called into question by the Supreme Court's recent decision in *Genesis Healthcare Corp. v. Symczyk*, —— U.S. ——, 133 S.Ct. 1523, 185 L.Ed.2d 636 (2013). *Genesis* presents the same basic factual scenario as *Perez* and this case: the plaintiff asserts FLSA claims on behalf of him/herself, along with putative collective action allegations, and the employer tenders an Offer of Judgment in full satisfaction of the plaintiff's individual claim, then seeks to dismiss the entire action as moot. The majority of the sharply-divided Court began by assuming that the tender of the unaccepted offer operated to moot the plaintiff's individual claim. 133 S.Ct. at 1528–29. (The majority stated that the trial court and Third Circuit found as much, and the plaintiff had not sought certiorari on that question. *Id.* at 1529.) From that assumption, the Court concluded that the mooting of the individual claim further operated to moot any putative collective action claims by the plaintiff as a representative as well, thus requiring dismissal of the entire suit for lack of subject-matter jurisdiction. 133 S.Ct. at 1532.

In a dissent joined by three other Justices, Justice Kagan emphatically protested the outcome. She asserted that the error in the majority's ruling arose when the majority made the assumption that the unaccepted offer acted to moot the plaintiff's individual claim. She stated that such a conclusion was "wrong, wrong, and wrong again." *Id.* at 1533. Insisting that an unaccepted Offer of Judgment, regardless of the terms, was a "legal nullity," Justice Kagan offered "a friendly suggestion to the Third Circuit: Rethink your mootness-by-unaccepted-offer theory," and further punctuated it with "a note to all other courts of appeals: Don't try this at home." *Id.* at 1534. Although Justice Kagan contended that this error made it such that the majority's opinion thus addressed a situation that could no longer arise, she further explained the dissenting justices' position that an Offer of Judgment in full satisfaction of an individual claim would not operate to moot collective action allegations in any event, as such an offer "does not give a plaintiff ..., exercising her right to sue on behalf of other employees, all that she has requested in the complaint (*i.e.* relief for the class)." 133 S.Ct. at 1536.

Here, the Magistrate Judge acknowledged the decision in *Genesis,* but found it distinguishable from cases like *Perez* and *Lucero,* in that the plaintiff in *Genesis* "never filed for condition certification of the putative class and remained the sole plaintiff throughout the proceedings." *Docket #* 35 at 3. However, this appears to be an incorrect assessment of the case. The Supreme Court opinion does contain text to the effect that the plaintiff "remained the sole plaintiff throughout these proceedings," 133 S.Ct. at 1527, but the underlying Third Circuit opinion, *Symczyk v. Genesis HealthCare Corp.*, 656 F.3d 189, 190–91 (3d Cir.2011), clarifies the matter. It explains that the plaintiff commenced the action on December 4, 2009; the defendant filed and Answer and accompanying Offer of Judgment on February 18, 2010; the District Court, "unaware of the offer of judgment," held a Scheduling Conference on March 8, 2010; and subsequently issued a Scheduling Order

**2.** *Perez* did not address the effect of the Offer     of Judgment on Ms. Perez's individual claims.

providing for a 90–day preliminary discovery period, by the end of which the plaintiff "will move for conditional certification." *Id.* at 191. The deadline for class certification never came to pass, as the defendant moved to dismiss the action on March 23, 2010, and the District Court granted that motion on May 19, 2010. *Id.*

Thus, by all appearances, the plaintiff in *Genesis* was diligently pursuing her class certification motion at the time the trial court dismissed those claims. This is precisely the factual scenario presented in this case: although the Defendants have already made their Offer of Judgment, the Scheduling Order in this case does not require Mr. Delgado to file a motion for certification until August 31, 2014 (and the Court will assume that, barring dismissal of his action, Mr. Delgado intends to comply). This Court therefore disagrees with the Magistrate Judge that *Genesis* is in any way factually distinguishable from the instant case. Moreover, this Court sees nothing in the Supreme Court majority's opinion in *Genesis* that suggests that the outcome of the case turned on how diligently the plaintiff was pursuing the class certification motion at the time of the Offer of Judgment or dismissal.

This, then, leaves the question of how to resolve this action in light of *Genesis*. That question is complicated. On the one hand, four members of the dissent have indicated, in stark and unflinching terms, that they absolutely reject the notion that an unaccepted Offer of Judgment can operate to moot a plaintiff's claim. On the other hand, the majority's opinion carefully and deliberately avoids that question, acknowledging a Circuit split on the issue but expressly stating that "we do not reach this question, or resolve the split, because the issue is not properly before us." 133 S.Ct. at 1528–29. Rather, the majority merely *assumes* the applicability of a doctrine that the dissent so vigorously rejects, never actually endorsing it. The question is further complicated by the failure of the 10th Circuit to conclusively address the matter; even *Lucero* expresses only lukewarm enthusiasm for the doctrine, acknowledging only that "other circuits have concluded" that a sufficient offer activates the mootness doctrine. 639 F.3d at 1243.

Ultimately, this Court elects to err on the side of caution, allowing Mr. Delgado's claims to proceed. Four Justices of the Supreme Court emphatically reject the notion that an unaccepted Offer of Judgment can render a claim moot. If the majority in *Genesis* had affirmed that doctrine, or even expressed some support for it, this Court might be inclined to concede the doctrine's continuing vitality. But they did not—beyond acknowledging the existing Circuit split on the question and carefully construing the grant of certiorari to avoid reaching that matter, the majority gave no signal that it viewed the "mootness-by-unaccepted-offer theory" with any degree of favor. Similarly, the 10th Circuit has itself chosen to carefully avoid deciding the question. As between extremely vocal opponents of the doctrine on one side, and an absence of any vocal proponents for it on the other, this Court is compelled to conclude that the doctrine is waning in power.

Moreover, the Court finds certain aspects of Justice Kagan's dissent in *Genesis* persuasive. An Offer of Judgment that addresses only the relief attainable by an FLSA plaintiff in an individual capacity does not grant that plaintiff *all* of the relief that the FLSA permits, such that dismissal on mootness grounds is appropriate. The ability to bring a collective action under § 216(b) is part·of the bundle of rights conferred on employees by the statute, and is not addressed by an Offer of Judgment that concedes only individual re-

lief. *Genesis*, 133 S.Ct. at 1536. Thus, there is reason to doubt that the Defendants' offer here is, on its face, complete,[3] much less that its rejection may invoke doctrines of mootness. Accordingly, and *Miranda* notwithstanding, this Court shares the *Genesis* dissent's doubt that an unaccepted Offer of Judgment, even affording full relief, can operate to render an individual's claim moot. *Genesis* conclusively establishes that, if mootness follows from the offer, that mootness encompasses unadjudicated class allegations as well, but it offers no guidance or resolution on the predicate question.

Ultimately, the issue is not of great practical consequence here. The Defendants go to some length in their Objections to contend that Mr. Delgado is "a lone, disgruntled, former employee" alleging "frivolous" FLSA claims. If this is truly the case, and Mr. Delgado's concerns over the Defendants' pay policies are not shared by other current and former employees, there is little to fear: the Defendants can avoid incurring additional fees or expenses by conceding any motion seeking preliminary class certification and wait for Mr. Delgado to fail to secure the requisite opt-in notices from other employees. At that point, the Defendants can reinstate their Offer of Judgment with regard to Mr. Delgado's individual FLSA claim with all sides secure in the knowledge that such an offer will conclusively resolve those claims—certainly, Mr. Delgado would not resist a complete Offer of Judgment on his individual FLSA claims once his class allegations have been shown to be quixotic. If the Defendants are wrong, however, and other employees wish to join Mr. Delgado's FLSA action, the Defendants' strategic attempt to dismiss Mr. Delgado's

claims at this early stage seems to be opportunistic.

Accordingly, the Court **OVERRULES** the Defendants' Objections (# 36) and **ADOPTS** the Magistrate Judge's Recommendation (# 35), albeit on slightly different grounds. The Defendants' Motion to Dismiss (# 16) is **DENIED.**

## RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) (Docket No. 16)

MICHAEL J. WATANABE, United States Magistrate Judge

This case is before this court pursuant to an Order Referring Case (Docket No. 6) issued by Chief Judge Marcia S. Krieger on January 3, 2014.

### *FACTUAL BACKGROUND*

Plaintiff Andrew Delgado filed his putative class action and collective Complaint (Docket No. 1) on December 13, 2013. Plaintiff was employed as a server from May 2013 to October 2013 by defendant Castellino Corporation d/b/a Via Toscana, which is owned by defendant Robin Castellino. While employed by defendants, plaintiff was paid the Colorado server minimum wage of $4.76 per hour. In addition, tipped employees, including plaintiff, contributed their tips to a "tip pool."

The parties' dispute involves whether the tip pool was properly administered. Plaintiff alleges that defendants permitted managerial staff to receive distributions from the tip pool thereby invalidating the tip pool, and by extension, invalidating defendants' right to utilize the Colorado server minimum wage. Accordingly, plaintiff alleges he is entitled to an additional $3.02 per hour—the difference between the reg-

---

**3.** The Court is compelled to note that Mr. Delgado disputes that the Defendants' Offer of Judgment fully compensates him for all mon-

etary damages and declaratory relief recoverable under his FLSA claim, much less his other claims.

ular minimum wage and the server minimum wage.

Plaintiff's Complaint (Docket No. 1) includes three claims for relief: (1) violation of the Colorado Wage Claim Act, § 8–4–101, et seq.; (2) violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"); and (3) breach of contract.

## PENDING MOTION

Now before the court for a report and recommendation is Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) (Docket No. 16). The court has carefully considered the Complaint (Docket No. 1), the subject motion (Docket No. 16), plaintiff's response (Docket No. 24), and defendants' reply (Docket No. 32). In addition, the court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and recommendations.

Under Rule 12(b)(1), a court may dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir.1974). Motions to dismiss pursuant to Rule 12(b)(1) take two forms. First, a party may attack the facial sufficiency of the complaint, in which case the court must accept the allegations of the complaint as true. *Holt v. United States,* 46 F.3d 1000, 1002–03 (10th Cir.1995). Second, if a party attacks the factual assertions regarding subject matter jurisdiction through affidavits and other documents, the court may make its own findings of fact. *See id.* at 1003. A court's consideration of evidence outside the pleadings will not convert the motion to dismiss to a

motion for summary judgment under Rule 56. *See id.*

## ANALYSIS

In their Motion to Dismiss (Docket No. 16), defendants contend that on January 15, 2014, pursuant to Fed. R. Civ. P. 68, they tendered an Offer of Judgment to plaintiff in the amount of all wages plaintiff claims he is owed, plus statutory damages and reasonable attorney's fees and costs. *See* Docket No. 16–2. Plaintiff did not accept the Rule 68 offer. Defendants argue that because the offer covered payment in full for all damages recoverable under the FLSA, plaintiff's collective FLSA action is now moot. Defendants further argue that plaintiff's state law claims are either also moot by virtue of the Rule 68 offer, or should be dismissed under the principles of supplemental jurisdiction.

Although the parties disagree as to whether defendants' Rule 68 offer grants all the relief sought by plaintiff in his individual FLSA claim, the court will assume (without necessarily finding) that defendants' offer is sufficient to do so

Defendants cite to *Genesis Healthcare Corp. v. Symczyk,* —— U.S. ——, 133 S.Ct. 1523, 185 L.Ed.2d 636 (2013), in support of their argument. In *Genesis,* an employee filed suit against her employer on behalf of herself and all other persons similarly situated seeking statutory damages under the FSLA. 133 S.Ct. at 1527. The plaintiff rejected the defendant's Rule 68 offer. *Id.* The plaintiff never filed for conditional certification of the putative class and remained the sole plaintiff throughout the proceedings. *Id.* Both the district court and the Third Circuit held that the Rule 68 offer mooted the plaintiff's individual claim, but the courts did not agree as to whether the offer mooted the plaintiff's collective action. *Id.* at 1528–29.

The Supreme Court assumed, without deciding, that the plaintiff's individual claim was moot. *Id.* at 1529. As to the collective action, the Court held that *"[i]n the absence of any claimant's opting in,* [the plaintiff's] suit became moot when her individual claim became moot, because she lacked any personal interest in representing others in this action." *Id.* (emphasis added).

*Genesis* is distinguishable from this matter. Although no motion for class certification has been filed in this matter, the deadline to do so is not until August 31, 2014. *See* Docket Nos. 19 & 20. Accordingly, the procedural posture in this matter is distinguishable from that in *Genesis,* wherein the plaintiff never filed for conditional certification. The court, therefore, must look for guidance on the issue in the Tenth Circuit.

The Tenth Circuit has not explicitly addressed "the impact of a Rule 68 offer of judgment made in a collective, or 'opt-in' action." *Lucero v. Bureau of Collection Recovery, Inc.,* 639 F.3d 1239, 1250 (10th Cir.2011) (citations omitted). However, in the context of opt-out actions, the court has stated that "a named plaintiff in a proposed class action for monetary relief may proceed to seek timely class certification where an unaccepted offer of judgment is tendered in satisfaction of the plaintiff's individual claim before the court can reasonably be expected to rule on the class certification motion." *Id.* The court reasoned that because any interest a class has in a case exists when the case is filed, an offer of judgment should not prematurely moot the case. *See id.* While *Lucero* does not apply to "opt-in" actions, Chief Judge Krieger has considered the effect of *Lucero* on such cases.

In *Perez v. Pinon Management, Inc.,* Chief Judge Krieger concluded that the Tenth Circuit would likely extend *Lucero* to collective action cases. No. 12–cv–00653–MSK–MEH, 2013 WL 1149567, at *4–6 (D.Colo. Mar. 19, 2013). Reasoning that *Lucero* was concerned with the timely filing of a motion to certify, Chief Judge Krieger held that a Rule 68 offer should not moot a plaintiff's claims where the plaintiff diligently filed a motion to certify a collective class. *Id.* at *6; *see Michaels v. City of McPerson, Kan.,* No 12–1372–CM, 2013 WL 3895343, at *3–4 (D.Kan. July 29, 2013) (adopting the reasoning found in *Perez*); *Roble v. Celestica Corp.,* 627 F.Supp.2d 1008, 1013–14 (D.Minn. 2007) (discussing how allowing a defendant to moot plaintiff's claims by making a Rule 68 offer days before plaintiff files for certification "would frustrate the FLSA's collective action provision allowing for the aggregation of small claims ...."); *see also Velasquez v. Digital Page, Inc.,* 842 F.Supp.2d 486, 488 (E.D.N.Y.2012) ("[C]ourts are wary of attempts by defendants to evade FLSA collective actions by making Rule 68 offers of judgment at the earliest possible time.") (internal quotation marks and citation omitted).

As noted above, although plaintiff has not filed for certification, the deadline to do so is not until August 31, 2014. *See* Docket Nos. 19 & 20. As Chief Judge Krieger explained, *"Lucero* does not even require that a class certification motion be filed or pending at the time an offer of judgment is made." *Perez,* 2013 WL 1149567, at *4. Rather, the concern is whether the plaintiff has acted with diligence in seeking class certification. *See id.,* at *5–6. As the deadline has not yet passed in this matter, it plainly cannot be said that plaintiff has been dilatory in seeking certification.

According, the court finds that defendants may not, at this time, obtain dismissal of plaintiff's putative representative

claim on mootness grounds via a Rule 68 offer.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) (Docket No. 16) be **DENIED.**

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, *Thomas v. Arn,* 474 U.S. 140, 148–53, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.,* 183 F.3d 1205, 1210 (10th Cir.1999); *Talley v. Hesse,* 91 F.3d 1411, 1412–13 (10th Cir.1996).

Date: May 20, 2014