FILED
United States Court of Appeals
Tenth Circuit

April 12, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

TYSHA J. MANNING; RICHARD NEIL
CHANEY; STEPHANIE A. TEJADA,

   Plaintiffs-Appellants,

v.

BLUE CROSS AND BLUE SHIELD OF
KANSAS CITY; EPOCH GROUP, L.C.,

   Defendants-Appellees.

No. 12-3190
(D.C. No. 2:11-CV-02010-SAC)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **HOLLOWAY**, Senior Circuit Judge, and
**TYMKOVICH**, Circuit Judge.

   Plaintiffs Tysha J. Manning, Richard Neil Chaney, and Stephanie A. Tejada

appeal the district court's dismissal of their race discrimination and retaliation claims

against their former employer, Epoch Group, L.C., a wholly-owned subsidiary of

---

[*]   After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Blue Cross and Blue Shield of Kansas City (BCBS-KC).  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.  Background

The plaintiffs allege Epoch did not hire them for internal job openings because of Manning's race (African American), Tejada's race (Hispanic), and in retaliation against each of them for engaging in protected opposition to discrimination.  The relevant facts were thoroughly described by the district court, and we only briefly summarize them here.  We view the evidence and the reasonable inferences to be drawn from the evidence in the light most favorable to the plaintiffs, as the parties opposing summary judgment.  *Stover v. Martinez*, 382 F.3d 1064, 1070 (10th Cir. 2004).  The following facts are undisputed unless otherwise noted.

Plaintiffs were employed by Epoch as claims examiners.  Chaney filed a disability discrimination claim in July 2009; Tejada filed a race discrimination claim in August 2009; and Manning informally complained to Epoch manager Dawn Sprague in August 2009 about a racial epithet she overheard.

In October 2009, Sprague notified all Epoch employees by email that two claims examiner jobs and one customer service job were open to all Epoch employees.  The email included a link to an online application.  Chaney did not apply for these jobs.  Tejada and Manning testified they did submit online applications, but that Sprague told them she had not received their applications.  Manning did not attempt to reapply; Tejada tried to reapply but did not attempt it again when she

realized her reapplication did not go through. Ms. Sprague testified that Epoch never received any application from Tejada or Manning. Epoch did not receive any applications for the customer service position from any Epoch Employee, but Sprague eventually offered this job to an existing Epoch employee, Amanda Teel, even though she had not applied. Sprague filled the claims examiner jobs with the one Epoch employee from whom she received an application and a non-Epoch applicant. Plaintiffs were terminated as part of a reduction-in-force on February 25, 2010.[1]

Plaintiffs' complaint alleged race discrimination and retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e to 2000e-17; disability discrimination and retaliation in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12131-12134; and breach of implied contract. After *sua sponte* issuing a show cause order, the district court dismissed for lack of subject matter jurisdiction all of the Title VII and ADA claims because the plaintiffs failed to exhaust administrative remedies.[2] The district court granted the plaintiffs' request to

---

[1]     Plaintiffs' district court briefs did not clearly assert a discriminatory termination claim, but the district court ruled that, in any event, plaintiffs failed to demonstrate a prima facie case of discriminatory termination. Plaintiffs do not challenge that ruling on appeal.

[2]     Specifically, the district court dismissed Tejada and Chaney's claims for disability discrimination under the ADA; Tejada's and Chaney's claims of disability-based retaliation under the ADA; Tejada's and Manning's Title VII claims of race discrimination and race-based retaliation; and Tejada's Title VII claim of national origin discrimination.

- 3 -

alternatively pursue their race discrimination and retaliation claims under 42 U.S.C. § 1981. It then granted summary judgment in favor of the defendants on the remaining claims, namely, Tejada's and Manning's § 1981 claims of race discrimination and all of parties' claims of retaliation and breach of an implied contract. Plaintiffs do not challenge the district court's grant of summary judgment as to the dismissal of their contract claims.

## II. Failure to Exhaust Title VII and ADA Claims

Plaintiffs contend the district court erred in dismissing their Title VII and ADA claims for lack of subject matter jurisdiction. We review de novo a decision dismissing a cause of action for lack of subject matter jurisdiction. *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1242 (10th Cir. 2011).

"Under both Title VII and the ADA, exhaustion of administrative remedies is a prerequisite to suit." *Apsley v. Boeing Co.* 691 F.3d 1184, 1210 (10th Cir. 2012). Plaintiffs did file a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), but "a plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC." *Jones v. UPS, Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007) (internal quotation marks and brackets omitted). Thus, to exhaust administrative remedies, "the charge must contain facts concerning the discriminatory and retaliatory actions underlying each claim[, because] each discrete incident of alleged discrimination or retaliation

- 4 -

constitutes its own unlawful employment practice for which administrative remedies must be exhausted." *Id.* (internal quotation marks omitted).

We agree with the district court that the EEOC charges on plaintiffs' Title VII and ADA claims were too vague to give defendants notice of the challenged conduct. Tejada's charge simply stated she was treated unequally and was denied employment opportunities due to her race and national origin, retaliated against in violation of her rights, was not offered reasonable accommodation for diabetes and her history of carpal tunnel and blood clots. Manning's charge simply said she was subjected to an unwanted working environment because of her race and was retaliated against in violation of her rights. Chaney's charge said only that he was retaliated against and denied employment opportunities because of disabling conditions. These charges completely lack any factual specificity, failing even to describe the particular actions and practices complained of, and are insufficient to meet the exhaustion requirement.

Plaintiffs argue that the defendants did not raise this issue and, thus, the district court erred in *sua sponte* challenging the sufficiency of their EEOC charge. They are mistaken; the district court has an independent duty to examine whether it has subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Exhaustion of administrative remedies is a jurisdictional prerequisite to suit under Title VII and the ADA. *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d

1304, 1317 (10th Cir. 2005) (Title VII); *MacKenzie v. City & Cnty. of Denver*, 414 F.3d 1266, 1274 (10th Cir. 2005) (ADA).

Plaintiffs also contend that the factual basis for the EEOC charges would have been discoverable upon investigation. But it is only those discrimination claims stated in the initial EEOC charge, and those reasonably related to those claims, that define the scope of any subsequent lawsuit. *See Jones*, 502 F.3d at 1186. There is nothing in any of the plaintiffs' EEOC charges that would have put the defendants on notice that they were alleging that their non-hire for the job openings in October and November 2009 was based on race discrimination or in retaliation for any protected opposition to discrimination. We affirm the dismissal of the Title VII and ADA claims.

### III. Grant of Summary Judgment on Remaining Claims

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "We review the district court's grant of summary judgment de novo, applying the same standard as the district court." *Crowe v. ADT Sec. Servs., Inc.*, 649 F.3d 1189, 1194 (10th Cir. 2011). "A dispute is genuine if there is sufficient evidence so that a rational trier of fact could resolve the issue either way." *Id.* (internal quotation marks omitted).

*Racial Discrimination Claims*. The elements of a racial discrimination case are the same under § 1981 as under Title VII. *Carney v. City & Cnty. of Denver*,

534 F.3d 1269, 1273 (10th Cir. 2008).  Plaintiffs Tejada and Manning sought to present circumstantial evidence of discriminatory failure to hire under the familiar three-step burden-shifting framework that requires them to first establish a prima facie case of discrimination.  *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).  To establish a prima facie discriminatory failure-to-hire claim, a plaintiff must show that:

> (1) plaintiff belongs to a protected class; (2) plaintiff applied and was qualified for a job for which the employer was seeking applicants; (3) despite being qualified, the plaintiff was rejected; and (4) after plaintiff's rejection, the position remained open and the employer continued to seek applicants from persons of [plaintiff's] qualifications.

*Garrison v. Gambro, Inc*., 428 F.3d 933, 937 (10th Cir. 2005) (internal quotation marks omitted).

The district court ruled that the plaintiffs knew they had not successfully applied for any of the positions and, thus, could not establish the second element of a prima facie case.

Tejada and Manning argue on appeal that whether they applied for the positions is a disputed issue of fact.  We have reviewed the record and agree with the district court that they failed to present evidence of a genuine dispute.  Viewed in the light most favorable to them, these plaintiffs did attempt to submit online applications—indeed, Tejada tried twice—but it is undisputed that both Tejada and Manning knew that their applications had not gone through, yet chose not to resubmit them.  Thus, the district court correctly ruled that Tejada and Manning did not apply

- 7 -

for these job openings and, accordingly, did not establish a prima facie case of discrimination.

*Retaliation Claims.* A plaintiff bringing a retaliation claim under § 1981 "must establish that retaliation played a part in the employment decision." *Twigg v. Hawker Beechcraft Corp.*, 659 F.3d 987, 998 (10th Cir. 2011) (internal quotation marks omitted). Plaintiffs sought to rely upon the three-part *McDonnell Douglas* burden-shifting framework to establish their retaliation claims.

> Under the *McDonnell Douglas*/indirect approach, the plaintiff must first make out a prima facie case of retaliation by showing (1) that [s]he engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action. If the plaintiff establishes a prima facie case, the employer must then offer a legitimate, nonretaliatory reason for its decision. Finally, once the employer has satisfied this burden of production, the plaintiff must show that the employer's reason is merely a pretext for retaliation.

*Id.* (citation and internal quotation marks omitted).

The district court ruled that plaintiffs failed to show that a causal connection existed between plaintiffs' protected activities and defendants' failure to offer them any of the open positions in November 2009. Further, even assuming the plaintiffs had established a prima facie retaliation claim, the district court ruled the defendants had proffered legitimate nondiscriminatory reasons for not offering the jobs to the plaintiffs, namely that they did not receive applications from any of the plaintiffs and, although they did also not receive an application from Ms. Teel, she and the other persons hired were more qualified than any of the plaintiffs.

Plaintiffs argue the district court erred in considering defendants' comparable-qualifications explanation because in their motion for summary judgment the only reason they gave was not receiving plaintiffs' application. We are not persuaded. Defendants' motion for summary judgment asserted plaintiffs suffered no materially adverse action because they did not apply for the jobs. When plaintiffs responded that they suffered a material adverse action when Sprague offered a job to Teel, who also had not applied, but not to them, defendants presented evidence in their reply that Teel and the others they hired were more qualified than any of the plaintiffs. Plaintiffs sought, and received permission, to file a surreply, but did not do so. We conclude the district court did not abuse its discretion to consider this additional evidence because the plaintiffs had an opportunity to file a surreply.

Moreover, we agree with the district court, for the detailed reasons stated in its order, that the plaintiffs failed to present any evidence that raises an inference that defendants' legitimate non-discriminatory explanations for its hiring decisions are "so incoherent, weak, inconsistent, or contradictory that a rational factfinder could conclude they are unworthy of belief." *EEOC v. C.R. England, Inc.*, 644 F.3d 1028, 1039 (10th Cir. 2011) (alteration and internal quotation marks omitted).

The judgment of the district court is affirmed.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge