FILED
United States Court of Appeals
Tenth Circuit

March 17, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

LARRY DRAKE HANSEN,

    Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

    Defendant - Appellee.

No. 20-4055
(D.C. No. 2:19-CV-00102-DB)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HOLMES** and **BACHARACH**, Circuit Judges.
_____

Larry Drake Hansen, proceeding pro se,[1] appeals from the district court's order

granting the government's motion to dismiss under Federal Rule of Civil Procedure

12(b)(1) for lack of jurisdiction and dismissing his case as moot. Exercising

jurisdiction pursuant to 28 U.S.C. § 1291, we reverse.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We liberally construe Mr. Hansen's pro se brief, but we do not act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

I.  Background

Mr. Hansen filed his complaint against the government under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b)(1), 2671-2680.  "The FTCA waives the federal government's sovereign immunity for 'the negligent or wrongful act or omission' of a federal employee 'acting within the scope of his office or employment.'"  *Elder v. United States*, 312 F.3d 1172, 1176 (10th Cir. 2002) (quoting 28 U.S.C. § 1346(b)(1)).  The allegations in Mr. Hansen's complaint arose from his attempt to file a patent application, his further attempts to revive his patent application after it had been deemed abandoned, and Patricia Faison-Ball's actions during this process.  He alleged that Ms. Faison-Ball was a federal employee who was at all times acting in her official duties as an employee of the United States Patent and Trademark Office (USPTO).  He further alleged that (1) the government owed him one or more duties and/or standards of care; (2) the government breached those duties and/or standards of care; and (3) the breaches were the proximate cause of his damages.  He sought damages to compensate him for injury to the term of his patent, which he calculated from the date he alleged was the filing date of his nonprovisional patent application through the twenty-year term of the patent.

The government filed a Rule 12(b)(1) motion to dismiss the complaint for lack of jurisdiction ("First Rule 12(b)(1) motion") based on several arguments related to the FTCA.  Mr. Hansen opposed the motion.

While the First Rule 12(b)(1) motion was pending, Mr. Hansen filed a supplemental pleading notifying the district court that the USPTO had granted his

fourth renewed petition to revive his patent application. The government then filed the motion that is the subject of this appeal ("Second Rule 12(b)(1) motion"). It argued that the case was now moot and should be dismissed. It explained:

> Mr. Hansen's complaint is based entirely on an allegedly improper holding of abandonment of the Application and dismissal of his repeated Petitions to Revive. However, as Mr. Hansen's supplementation demonstrates, his most recent Petition to Revive has been granted and his Application is no longer abandoned. Accordingly, the case or controversy at the center of Mr. Hansen's Complaint has been resolved.

R. at 465 (citation omitted).

Mr. Hansen responded that although the USPTO had finally revived his patent application, it did so only after he filed five petitions to revive "over a period of 3 years, 6 months and 15 days (or 1,293 total days) after filing the Application." *Id.* at 468. He asserted that this was "[v]aluable time that can never be regained" and "constituted an otherwise irreparable injury in fact . . . for which [he] seeks money damages under [§ 1346(b)] of which remain unredressed." *Id.* (emphasis omitted). He further asserted that his action was not an action for injunctive, declaratory relief or mandamus. He argued that "[w]hatever relief the USPTO may have eventually provided is beside the point" because "'[a] defendant's voluntary cessation of allegedly unlawful conduct ordinarily does not suffice to moot a case.'" *Id.* (quoting *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 174 (2000)).

A magistrate judge considered both motions to dismiss, recommending that the Second Rule 12(b)(1) motion be granted and the First Rule 12(b)(1) motion be

3

deemed moot. The judge determined that "[a]ny alleged damages for the loss of 'valuable time'" were speculative, R. at 475, and held that "'[d]amages that are based on conjecture, speculation, or guesswork are not recoverable,'" *id.* at 476 (quoting *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1330 (10th Cir. 1996)). The judge also determined that "any unlawful conduct, which is at best highly questionable as pled, pertained to an application that is now granted." *Id.* The judge therefore concluded that the case was moot.

Mr. Hansen filed written objections to the recommendation. He argued that his case was for damages brought under the FTCA for injury to the term of a patent caused by "the initial negligent . . . issuance of the Notice to File Missing Parts (NFMP) that was not received, the holding of the abandonment that resulted from non-receipt of the NFMP, and the subsequent denial of the first four (4) Petitions to Revive the abandoned application." *Id.* at 479 (footnotes omitted). He reiterated that "[t]his case is not for mandamus, which surely would have mooted the case, but for *money damages* under the FTCA." *Id.* at 479 n.14. He also argued that the damages he sought were not speculative and were recoverable, "albeit even if *perhaps* only a percentage of that demanded for an amount to be determined at trial." *Id.* at 482.

The district court adopted the recommendation, granted the Second Rule 12(b)(1) motion, and dismissed the case as moot. Mr. Hansen then filed a motion seeking post-judgment relief under Federal Rule of Civil Procedure 60, which the district court denied. This appeal followed.

4

II.  Discussion

"We review de novo a dismissal pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure." *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1242 (10th Cir. 2011).

On appeal, Mr. Hansen argues that the district court erred in dismissing his complaint as moot because it is a "tort claim under 28 U.S.C. § 1346(b), for *money damages*" and "[n]o Complaint(s) seeking damages have ever been dismissed as moot." Aplt. Br. at 13.  For support, he relies on precedent from our court and the Supreme Court, arguing that "'[b]y definition claims for past damages cannot be deemed moot.'" *Id.* (emphasis omitted) (quoting *Taxpayers for the Animas-La Plata Referendum v. Animas-LaPlata Water Conservancy Dist.*, 739 F.2d 1472, 1479 (10th Cir. 1984)).  He further argues that "'[u]nlike claims for injunctive relief challenging ongoing conduct, a claim for damages cannot evade review; it remains live until it is settled, judicially resolved, or barred by a statute of limitations.'" *Id.* (quoting *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1531 (2013)).

In its response brief on appeal, the government does not directly address Mr. Hansen's arguments that his damages claim precludes a finding of mootness. Instead, the government asserts that the district court properly rejected Mr. Hansen's arguments against mootness because "(1) the alleged improprieties to which his Complaint was directed had been resolved through his own administrative efforts and (2) his allegations relating to the loss of valuable time were, at best, speculative, if not outright conjecture." Aplee. Resp. Br. at 13-14.  The government also repeats the

5

quote from the magistrate judge's decision that "'damages that are based on conjecture, speculation, or guesswork are not recoverable.'" *Id.* at 14 (quoting *Brown*, 101 F.3d at 1330). The government then asserts that "[a]s a result of Mr. Hansen's successful actions in petitioning the USPTO for revival of his patent application, the matter in controversy came to an end and the District Court correctly found the case to be moot." *Id.* at 15.

The government cites no authority from either this court or the Supreme Court upholding the dismissal of a complaint seeking damages for past injury based on mootness. Instead, the case law supports Mr. Hansen's position. *See, e.g.*, *Taxpayers*, 739 F.2d at 1479 ("The district court acted properly in determining that [appellant's] claims for damages were not moot. Indeed, by definition claims for past damages cannot be deemed moot."); *see also Comm. for the First Amend. v. Campbell*, 962 F.2d 1517, 1526 (10th Cir. 1992) (concluding that although a request for injunctive relief was properly dismissed as moot, "the district court erred in dismissing the nominal damages claim which relates to *past* (not future) conduct").

We do not agree with the government that the revival of Mr. Hansen's patent application resolved the controversy and mooted his complaint. Mr. Hansen's complaint did not seek revival of his patent application; rather, liberally construed, it sought damages based in part on an alleged injury related to his attempts to file and

6

then revive his abandoned patent application.[2]  The revival of his patent application does not redress that alleged past injury.

To support its position that the district court's mootness dismissal was correct, the government points to and relies on the district court's conclusion that Mr. Hansen's claim for damages is speculative and therefore not recoverable, citing *Brown*, 101 F.3d at 1330, and *Smith v. Babcock Poultry Farms, Inc.*, 469 F.2d 456, 459 (10th Cir. 1972).  Though those cases do perhaps stand for the proposition that a speculative claim for damages is not recoverable, neither case offers that holding in the context of a dismissal for mootness, nor does either case hold that a claim for damages resulting from past injury is moot if it lacks sufficient evidentiary support. In *Brown*, the district court vacated a jury award of compensatory damages after concluding the evidence was insufficient to establish proof of damages, and we reversed because we concluded that the damages award was "reasonably based upon sufficient evidence in the record."  101 F.3d at 1331.  In *Smith*, we upheld a trial court's award of damages that was supported by "reasonably certain facts" and was therefore not based on "speculation or conjecture."  469 F.2d at 459.  Again, though

---

[2] Mr. Hansen's damages request in his complaint also appears to contemplate damages for future injury based on his belief that his abandoned application would never be revived.  It is possible that the revival of his application would moot any request for future damages after the date of the revival, but we do not decide that question, and that possibility does not change the disposition of this appeal.  The revival of Mr. Hansen's patent application does not affect the complaint's request for damages for past injury based on alleged negligent acts related to the time period starting from the date of his alleged initial filing of his patent application on December 6, 2015.  The USPTO did not grant his Fourth Renewed Petition to Revive until June 21, 2019.

these cases offer general guidance on the necessity of evidentiary support for an award of damages, they do not provide support for the notion that a claim for damages based on past injury can be dismissed as moot.

In fact, *Brown* and *Smith* both illustrate that the question of whether sufficient evidence exists to support a damages award or whether damages are too speculative to support an award is an evidence-based, merits determination. And "[t]he doctrine of mootness in no way depends on the merits of the plaintiff's contention." *Keller Tank Servs. II, Inc. v. Comm'r*, 854 F.3d 1178, 1194 (10th Cir. 2017) (ellipsis and internal quotation marks omitted). "Stated differently, the court assumes that the plaintiff will receive the relief that he requests in this litigation, and then proceeds to determine whether there is a substantial likelihood that that relief will redress his asserted injury." *Id.* (internal quotation marks omitted). Here, Mr. Hansen's complaint requested relief in the form of damages to compensate, in part, his past injury.

"The constitutional mootness doctrine is grounded in the Article III requirement that federal courts may only decide actual ongoing cases or controversies." *Id.* at 1192-93 (brackets and internal quotation marks omitted). Mr. Hansen correctly asserts that "[a] case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." Aplt. Br. at 13 (internal quotation marks omitted). There remains a live case or controversy here because the district court could grant Mr. Hansen relief in the form of damages for past injury if he were to prevail on his tort claim. Any potential defect in his request

for damages goes to the merits of his claim and is not considered as part of the mootness inquiry. *See, e.g.*, *Baca v. Colo. Dep't of State*, 935 F.3d 887, 925 (10th Cir. 2019), *overruled on other grounds by* 140 S. Ct. 2316 (2020) (explaining that court could not consider merits of argument related to defect in 42 U.S.C. § 1983 claim as part of the mootness inquiry).

III.  Conclusion

For the foregoing reasons, we reverse the judgment of the district court granting the government's Second Rule 12(b)(1) motion and dismissing Mr. Hansen's complaint as moot.

Entered for the Court

Timothy M. Tymkovich
Chief Judge

9