**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 5, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SHERMAN M. HUNT,

     Plaintiff-Appellant,

v.

RIVERSIDE TRANSPORTATION,
INC.,

     Defendant-Appellee.

No. 13-3100
(D.C. No. 2:11-CV-02020-DJW)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **BALDOCK**, and **GORSUCH**, Circuit Judges.

Sherman M. Hunt, proceeding pro se, appeals from the magistrate judge's

order granting summary judgment in part and dismissing in part his employment

discrimination claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

§§ 2000e-5(g), and retaliation under 42 U.S.C. § 1981, against his former employer

Riverside Transportation, Inc. (Riverside). Exercising our jurisdiction under

28 U.S.C. §§ 636(c)(3) and 1291, we affirm.

Mr. Hunt worked for Riverside performing custodial duties and running

business errands. In December 2010, he submitted a charge of discrimination to the

Equal Employment Opportunity Commission (EEOC) alleging discrimination based

on his race, "Black-African American," in relation to an alleged comment made by

Riverside management that they would "put [a] mop handle up [Mr. Hunt's] butt and

make a fudge sickle out of [him]," Aplee. App. at 9. He also claimed that Riverside

forced him to drive a company vehicle instead of his own, and suspended him

without pay because of his race. Mr. Hunt then filed the instant action pro se in

January 2011, claiming Title VII race discrimination. His complaint described the

"fudge sickle" comment, and allegations that a human resources supervisor "talk[ed]

down to [him]" and "fuel[ed] hostility," *id*. at 12.

Riverside reduced Mr. Hunt's hours and ultimately terminated him in February

2011 for insubordination. Mr. Hunt immediately filed a second charge with the

EEOC alleging the termination was in retaliation for the filing of the first charge. He

requested and was appointed counsel by a magistrate judge[1] in May 2011. In an

amended complaint, filed in June 2012 with the aid of his counsel, he asserted claims

---

[1]     The parties consented to proceedings, including the entry of final judgment, conducted by a magistrate judge pursuant to 28 U.S.C. § 636(c)(1). We will refer to the magistrate judge hereinafter as the "district court."

for race discrimination and hostile work environment based on race in violation of Title VII, and retaliation under § 1981.

Riverside moved for summary judgment under Fed. R. Civ. P. 56 arguing that Mr. Hunt could not establish his claims, or alternatively, that he failed to exhaust his administrative remedies on his claim for hostile work environment. Mr. Hunt failed to timely respond to Riverside's motion for summary judgment, and instead filed a pro se motion to reappoint counsel. The district court construed the motion as a request to replace Mr. Hunt's court-appointed counsel. It withdrew Mr. Hunt's appointed counsel on the basis of health reasons, but denied Mr. Hunt's request for new counsel. It permitted him to file a pro se response to Riverside's motion for summary judgment, which he did.

The district court concluded it lacked subject matter jurisdiction over Mr. Hunt's hostile work environment claim as a result of his failure to exhaust administrative remedies, and it dismissed that claim. Analyzing Mr. Hunt's race discrimination claim under the traditional burden-shifting analysis in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973), the district court considered whether Mr. Hunt established a prima facie case. *See Carney v. City & Cty. of Denver*, 534 F.3d 1269, 1273 (10th Cir. 2008) (stating elements of prima facie case of racial discrimination). It determined Mr. Hunt was a member of a protected class, and that while being required to drive a company vehicle did not qualify as an adverse employment action, Mr. Hunt's three-day suspension did qualify. Although

it did not explicitly consider the third element of Mr. Hunt's prima facie case, it appears the district court assumed that Mr. Hunt satisfied this initial requirement of *McDonnell Douglas*, *see Aramburu v. Boeing Co*., 112 F.3d 1398, 1403 (10th Cir. 1997), as the district court nevertheless concluded that Riverside proffered a legitimate, non-discriminatory reason for its employment action: that Mr. Hunt was suspended because Riverside received a motorist's complaint that Mr. Hunt drove the company vehicle aggressively. Because Mr. Hunt did not offer any evidence showing that Riverside's proffered reason for the suspension was pretextual, the district court granted summary judgment to Riverside on this claim.

Regarding the retaliation claim under § 1981, considering the claim under the *McDonnell Douglas* burden-shifting analysis, the district court found Mr. Hunt established a prima facie case of retaliation. *See Twigg v. Hawker Beechcraft Corp*., 659 F.3d 987, 998 (10th Cir. 2011) (stating elements of retaliation claim). Specifically, it found that 1) Mr. Hunt engaged in protected opposition to discrimination by filing his EEOC charge and the instant action; 2) a reasonable employee would consider Mr. Hunt's reduction of work duties and termination of employment materially adverse; and 3) there was a causal connection between the protected activity and materially adverse employment actions based on temporal proximity. Riverside claimed its employment actions were legitimate and nondiscriminatory. It proffered evidence that Mr. Hunt's hours were reduced because he could no longer drive for the company due to the aggressive driving

complaint. It further proffered evidence that despite a disciplinary warning in January 2011, Mr. Hunt continued to engage in multiple acts of aggression and insubordination, including threatening co-workers and disrupting the workplace, which resulted in his termination. The district court agreed and found that Mr. Hunt failed to present any evidence that Riverside's actions were pretextual. Accordingly, the district court granted summary judgment to Riverside on this claim as well.

Mr. Hunt now appeals. Because he is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010). We will not, however, act as his advocate in constructing his arguments and searching the record. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Mr. Hunt's brief contains little to no argument, nor does it contain any citations to the record or cite legal authority. As best we can discern, however, on appeal he appears to argue the district court erred in dismissing his hostile work environment claim for failure to exhaust administrative remedies, erred in granting summary judgment on his race discrimination claim, and erred in failing to appoint him new counsel.

We review de novo a decision dismissing a cause of action for lack of subject matter jurisdiction. *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1242 (10th Cir. 2011). "Exhaustion of administrative remedies is a jurisdictional prerequisite to suit under Title VII." *Jones v. Runyon*, 91 F.3d 1398, 1399 (10th Cir. 1996) (internal quotation marks omitted). Mr. Hunt bears the burden to establish the

court's subject-matter jurisdiction. *See Southway v. Cent. Bank of Nigeria*, 328 F.3d 1267, 1274 (10th Cir. 2003). The district court determined that Mr. Hunt's EEOC charge did not allege facts indicating that the workplace at Riverside is "permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive working environment," *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116 (2002) (internal quotation marks omitted). We agree. Mr. Hunt did not specify that he was complaining of a hostile work environment nor did the narrative portion of his charge adequately describe a hostile work environment. *See Annett v. Univ. of Kan.*, 371 F.3d 1233, 1238 (10th Cir. 2004). We agree with the district court that Mr. Hunt's hostile work environment claim could not reasonably be expected to follow the allegations contained in his charge. *See Jones v. United Parcel Serv., Inc.*, 502 F.3d 1176, 1187 (10th Cir. 2007). Accordingly, dismissal of this claim for failure to exhaust administrative remedies was appropriate.

Regarding the race discrimination claim, Mr. Hunt argues only that he was forced to drive the company vehicle and disputes that he ran a motorist off the road. Reviewing the grant of summary judgment de novo as we must, *see Crowe v. ADT Sec. Servs. Inc.*, 649 F.3d 1189, 1194 (10th Cir. 2011), we perceive no error. We agree with the district court that being required to drive a company vehicle does not qualify as an adverse employment action and, further, that Mr. Hunt failed to produce evidence demonstrating that Riverside's three-day suspension was pretextual.

We also reject Mr. Hunt's claim that the district court erred in failing to appoint him new counsel. In denying Mr. Hunt's motion to reappoint counsel, the district court observed that its use of appointment power must be prudent and thoughtful. Given the scarcity of willing attorneys to appoint in civil cases and the number of requests for counsel, the district court reasoned it could not justify appointing Mr. Hunt another attorney. And it found Mr. Hunt had shown an ability to represent himself. We perceive no abuse of discretion. *See Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1422-23 (10th Cir. 1992) (stating that appointment of counsel to be reviewed for abuse of discretion).

We have reviewed the briefs, the record, and the applicable law. The district court accurately analyzed the issues and we agree with its analysis. We therefore affirm the judgment of the district court for substantially the same reasons explained in the district court's memorandum and order dated April 11, 2013.

Entered for the Court

Bobby R. Baldock
Circuit Judge